**In re SCHMIDT.**

**UNITED STATES ex rel. TIETZ v. ABBOTT.**

Civ. No. 5419.

District Court, N. D. California, N. D.

May 3, 1946.

A. L. Wirin and J. B. Tietz, both of Los Angeles, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Harlan M. Thompson, Asst. U. S. Atty., of Sacramento, Cal., for respondent.

WELSH, District Judge.

J. B. Tietz filed a petition for a writ of habeas corpus on behalf of George Harvey Schmidt, who will hereafter be referred to as the registrant. An illegal restraint of liberty is alleged to exist by reason of a classification in Class I-A and subsequent induction into the United States Army under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, § 301 et seq.

Registrant was classified by the Selective Service Board for Lincoln County, South Dakota, in Class II-C in 1942. In 1944 it reclassified him in Class I-A. In so doing, it acted on a recommendation of the Agricultural War Board for Minnehaha County, South Dakota. Said recommendation was based solely on the report of Ray E. Bohner written in pencil at the bottom of a letter addressed to him dated December 15, 1944. Mr. Bohner's recommendation reads: "Neighbors say this registrant is inclined to do quite a bit of running around. Not very good at taking care of his live stock, etc."

Registrant filed in his own behalf a statement signed by twenty-six residents of Hartford, South Dakota, to the following effect: "We, the undersigned neighbors of George H. Schmidt do hereby testify that the attached statements are entirely false. He is a hard worker, a good producer, and a 1 farmer, takes excellent care of all his live stock. No running around unless it is neccessary to carry on his farm business, such as threashing, blowing, picking corn, baleing hay, moveing his farm machinery, grain, etc. He does not hang around pool halls, taverns, or bowling alleys or the like."

Three individual letters also certify that he was farming diligently.

After the Local Board so reclassified registrant, the aforesaid Ray E. Bohner, War Food Assistant & Farm Labor Assistant, addressed a letter dated February 26, 1945, to said Board. The essential portion thereof reads:

"Running around: Wife taught school and he took her to and from school part of the time. Went to a few sales. Father, Henry F. Schmidt, got a new two-row corn picker this fall and registrant operated it most of the time—picking about 500 acres of corn for different farmers. Helped bale hay and shell corn near Canton and was some time plowing about 100 acres on place he intends to operate in 1945.

"Production: H. H. Sippel, his landlord, told me his small grain and corn yield was average, considering the year. Their income return to the Collector of Internal Revenue showed $516.00 from milk Cows and $550.00 from chickens. I looked over his livestock and they do not show lack of care. I would say his brood sows are above average, milk cows are in good flesh and has a very good young registered bull."

The Chairman of the Lincoln County Board wrote to the Agricultural War Board asking that it make another recommendation, stating that the letter from the Investigator Bohner could not be accepted by the Board.

It thus appears that the Local Selective Service Board mistakenly took the view that it could not correct its action without a new recommendation from the Minnehaha County War Board. Its failure to retract its action in classifying registrant in Class I–A was a denial of administrative due process.

The original letter of Investigator Bohner was based purely on hearsay—"neighbors say." The subsequent thorough investigation by Bohner was summarized in his letter of February 26, 1945. Said last letter amounted to a complete retraction of his former report. It was equivalent to a withdrawal of his former recommendation. It thereby left no evidence whatever before the Board on which it could properly reclassify the registrant in Class I–A.

No other evidence is found in the file which was considered by the Local Board in arriving at its decision for reclassification. Selective Service Regulation No. 623.2 sets forth that certain information may be considered, with reference to classification, and that oral information would not be considered unless reduced to writing and placed in the file.

An analysis of the entire file, which was made an exhibit to the return of respondent on the order to show cause, indicates that the action of the Lincoln County Board in insisting upon the reclassification of the registrant in Class I–A, even after the report on which it was based had been retracted, was arbitrary.

In Estep v. United States, 66 S.Ct. 423, 427, it was said, "The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Mr. Justice Murphy, in his concurring opinion, commented: "But the war power is not a blank check to be used in blind disregard of all the individual rights which we have struggled so long to recognize and preserve."

In United States v. Cain, 2 Cir., 149 F.2d 338, 342, the Court said that a board could not make use of a recommendation of a "panel" which depended on answers to improper questions, because in so doing it abdicated its statutory duties and devolved its responsibility. Similarly, in the instant case, the Board had no right to base a reclassification of the registrant on the first inadequate report of the Investigator or to refuse to reconsider its decision when said report was retracted.

It is ordered that a writ of habeas corpus issue, and that the registrant be released from custody of the respondent. This Order is without prejudice to the taking of such further or subsequent steps or proceedings by the Board, in accordance with law, as may be advised.