**UNITED STATES of America, Appellee,**

v.

**Walter Wayne PYRTLE, Appellant.**

**No. 19767.**

United States Court of Appeals, Eighth Circuit.

March 30, 1970.

Victor V. Blackwell, Covington, La., for appellant; Richard D. Jones, of Oliver, Oliver & Jones, Cape Girardeau, Mo., was on the brief with Mr. Blackwell.

Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett,

Jr., U. S. Atty., was on the brief with Mr. Straub.

Before VAN OOSTERHOUT, Chief Judge; BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Walter Wayne Pyrtle, a Selective Service registrant, was convicted by the District Court in the Eastern District of Missouri of failing to report for civilian work in violation of 50 App. U.S.C.A. § 456(j) and 50 App. U.S.C.A. § 462. The decision is reported at 299 F.Supp. 1103 (E.D.Mo.1969).

The registrant has appealed his conviction on several grounds, the most important one being that there was no basis in fact for denying him a II–C agricultural deferment. For the reasons that follow, we reverse.

The registrant completed his original Classification Questionnaire and mailed it to his Local Board on August 16, 1966. He listed his occupation as a farm laborer engaged in farming and raising livestock on his father's 740 acre farm. He stated that the principal crops of the farm were corn, hay, oats, milo and wheat, and that the livestock on the farm included 100 head of cattle, 80 head of hogs and 180 head of angora goats. The registrant also stated that he was a student pursuing a part-time course of instruction at the Kingdom Hall of Jehovah's Witnesses preparing for the ministry of the Watch Tower Bible and Tract Society. He further stated that he was a conscientious objector and requested that he be furnished Form 150. That form was subsequently completed by the registrant and mailed to the Local Board.

On August 30, 1966, the Local Board classified the registrant I–A.

On February 23, 1967, the Local Board received a letter from the registrant's father, requesting a deferment for the registrant. Mr. Pyrtle claimed that because of bad health, he was able to do only half of the work he used to do. He also stated that he would have to quit farming if the registrant was not deferred. The Board reconsidered the registrant's classification and reclassified him I–A.

On May 3, 1967, the registrant made a personal appearance before the Local Board. At this meeting, the Board determined that the registrant did not want a I–O classification and that he did not qualify for a IV–D (student preparing for the ministry) or a II–C (agricultural deferment) classification. The Board again classified the registrant I–A.

After classifying the registrant I–A, the Local Board received seven letters from friends and neighbors of the registrant substantiating the registrant's claim. The letters restated that the registrant's father was in poor health, that the registrant was needed on the farm, that the farm produced a substantial quantity of agricultural commodities for market, and that dependable farm labor was almost impossible to obtain. The Board also received a letter from the registrant reiterating his claims and requesting an appeal to the State Appeal Board.

On July 5, 1967, the State Appeal Board classified the registrant I–O.

After notification of his I–O classification, the registrant indicated that he had no preference as to the type of civilian work he would be willing to perform in lieu of induction. At a Board meeting on November 1, 1967, no agreement was reached as to an assignment. Subsequently, the Local Board ordered the registrant to report for civilian work on April 2, 1968. The registrant did not report as ordered. His prosecution and conviction followed.

■ At the outset, we note that our review in cases of this type is limited to a determination of whether there is a basis in fact for the classification. Witmer v. United States, 348 U.S. 375, 75 S. Ct. 392, 99 L.Ed.2d 428 (1955); Dick-

inson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Vaughn v. United States, 404 F.2d 586 (8th Cir. 1968); DeRemer v. United States, 340 F.2d 712 (8th Cir. 1965).

■■ While it is clear that the registrant has the burden of establishing that he falls within a particular classification, Dickinson v. United States, *supra;* Osborn v. United States, 319 F.2d 915 (4th Cir. 1963), it is also clear that when the uncontroverted evidence supporting a registrant's claim places him within the objective requirements of a particular classification, a local board may not dismiss the claim solely on the basis of suspicion and speculation. Dickinson v. United States, *supra;* Batterton v. United States, 260 F.2d 233 (8th Cir. 1958).

Selective Service classification procedure requires the local board to classify each registrant on the basis of the written information in the registrant's file:

> "The registrant's classification shall be determined solely on the basis of the official forms of the Selective Service System and such other written information as may be contained in his file. * * * Under no circumstances shall the local board rely upon information received by a member personally unless such information is reduced to writing and placed in the registrant's file. * * * "

32 C.F.R. § 1623.1(b).

The regulations also clearly require that a registrant is to be placed in the lowest class for which he is eligible:

> "Consideration of Classes.—Every registrant shall be placed in Class I–A under the provisions of section 1622.10 of this chapter except that when grounds are established to place a registrant in one or more of the classes listed in the following table, the registrant shall be classified in the lowest class for which he is determined to be eligible, with Class I–A–O considered the highest class and Class I–C considered the lowest class according to the following table:

| Class: | | Class: | |
|---|---|---|---|
| | I–A–O | | IV–B |
| | I–O | | IV–C |
| | I–S | | IV–D |
| | I–Y | | IV–F |
| | II–A | | IV–A |
| | II–C | | V–A |
| | II–S | | I–W |
| | I–D | | I–C |
| | III–A | | " |

32 CFR § 1623.2.

■ We have carefully reviewed the registrant's file here and have found no written information contradicting the registrant's claim. The uncontradicted evidence in the file satisfies the criteria for a II–C agricultural deferment.[1] The

---

1. 32 C.F.R. § 1622.24 states:
"*Class II–C: Registrant Deferred Because of Agricultural Occupation.*—(a) In Class II–C shall be placed any registrant who is employed in the production for market of a substantial quantity of these agricultural commodities which are necessary to the maintenance of the national health, safety, or interest, but only when all of the conditions described in paragraph (a) of section 1622.23 are found to exist.
"(b) The production for market of a substantial quantity of agricultural commodities should be measured in terms of the average annual production per farm worker which is marketed from a local average farm of the type under consideration. The production of agricultural commodities for consumption by the worker and his family, or traded for subsistence purposes, should not be considered as production for market. Production which is in excess of that required for the subsistence of the farm families on the farm under consideration should be considered as production for·market."
32 C.F.R. § 1622.23(a) states:
"Except as otherwise provided in paragraph (b) of this section, a registrant's employment in industry or other occupation, service in office, or activity in research, or medical, scientific, or other endeavors, shall be considered to be necessary to the maintenance of the national health, safety, or interest only when all of the following conditions exist:
"(1) The registrant is, or but for a seasonal or temporary interruption would be, engaged in such activity.

evidence indicates that the registrant is engaged in the production for market of a substantial quantity of agricultural commodities necessary to the maintenance of the national health and interest, that there is a shortage of dependable farm labor, and that the absence of the registrant would cause a material loss of effectiveness on the farm.

 We have also reviewed the record for evidence contradicting the registrant's claim. The record shows only that Harry Philip Grabiel, a member of the Local Board, testified at trial that the only evidence used by the Board to contradict the registrant's claim was "personal knowledge." He testified that he had made wheat surveys on the farm, that he had periodic contact with the registrant's father, and that he knew the size of the farm and the types of crops harvested and livestock raised. It is clear, however, that personal knowledge alone cannot constitute a sufficient basis in fact to deny a documented claim unless such information is reduced to writing and placed in the registrant's file. Dickinson v. United States, *supra*; Batterton v. United States, *supra;* In re Schmidt, 68 F.Supp. 765 (N.D.Cal.1946); 32 C.F. R. § 1623.1(b).

In Dickinson v. United States, *supra,* the Supreme Court reversed the conviction of a registrant whose documented request for an exemption was uncontroverted by the evidence in the registrant's file. The Court stated:

"* * * Dickinson's claims were not disputed by any evidence presented to the selective service authorities, nor was any cited by the Court of Appeals. The task of the courts in cases such as this is to search the record for some affirmative evidence to support the local board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities.

"(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.

"* * * [T]he courts may properly insist that there be some proof that is incompatible with the registrant's proof of exemption. * * *"

Dickinson v. United States, *supra*, 346 U.S. at 396, 74 S.Ct. at 157. See also, Batterton v. United States, *supra*.

Here, we have found no proof that is incompatible with the registrant's documented claim. Thus, we have no alternative but to reverse. We do not hold that the registrant here must receive a II–C agricultural deferment. We hold only that, on the record before us, there was no basis in fact for the denial of a II–C agricultural deferment.

The judgment of the trial court is reversed.

"(3) The removal of the registrant would cause a material loss of effectiveness in such activity."