**UNITED STATES of America,
Plaintiff,**

v.

**David Paul BENDER, Defendant.**

**No. 4–71–Crim–223.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 28, 1972.

Robert G. Renner, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Charles P. Carroll, Minneapolis, Minn., for defendant.

## FINDING OF GUILT

DEVITT, Chief Judge.

This defendant, a 25 year old grade school teacher, is charged by indictment with failing to comply with an order of his local Selective Service Board to re-port for and submit to induction. The matter was tried to the court with jury waived on January 27, 1972. The facts involved are summarized in Judge Earl R. Larson's Memorandum of November 9, 1971 denying defendant's motion to dismiss the indictment.

Defendant raises three defenses. Defendant first claims that the board should have reopened his classification upon the receipt of his SSS Form 150, "Special Form for Conscientious Objector." It is undisputed that this form was submitted after defendant received his order to report for induction. On July 21, 1970 the board met, determined that there had been no change in circumstances beyond registrant's control and refused to reopen his classification. Recent case law makes it clear that a registrant has neither a statutory nor constitutional right to a reopening of his classification after he has received a notice to report for induction. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971); Ryan v. Hershey, 445 F.2d 560 (8th Cir. 1971). The board action in declining to reopen defendant's classification was proper.

The second point defendant raises is that there was not sufficient basis in fact for the action of the board in denying him a II–A classification. But defendant admits and the record clearly shows that defendant failed to exhaust the administrative remedies available to him within the Selective Service System. Defendant is thus precluded from obtaining judicial review of his classification. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States ex rel. Taylor v. Fritz, 446 F.2d 36 (8th Cir. 1971). This is not a case where exceptional circumstances which would require a relaxation of the exhaustion doctrine have been shown.

Defendant as his final defense raises a factual issue of whether the information he received from the executive secretary of his local board led to

his failure to exercise his appeal rights. It seems well settled that a registrant who has actually been misled by the acts of the Selective Service System and thus has been precluded from exercising a right available to him under that system has been deprived of due process and the subsequent induction order is thus rendered invalid. Powers v. Powers, 400 F.2d 438 (5th Cir. 1968); United States v. Bryan, 263 F.Supp. 895 (N.D. Ga.1967); United States v. Howe, 144 F.Supp. 342 (D.Mass.1956).

But it is equally well settled that a subjective misunderstanding of rights available under the Selective Service System does not result in a denial of due process nor constitute a defense to the criminal charge of failing to comply with an order of the local board. United States v. Powers, 413 F.2d 834 (1st Cir. 1969), cert. denied, 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205 (1969).

■ Here the evidence indicates beyond a reasonable doubt that defendant was not misled by any information he received from the secretary of the local board. The secretary who had been employed by the Selective Service System for 22 years testified that she had informed defendant he had been granted a postponement of his outstanding induction order. She further testified that she had not told him he would automatically receive the II–A deferment as a teacher or that if he did receive it that this would be a permanent classification.[1] The witness denied she told defendant that it would not be necessary for him to appeal his 1–A classification. Defendant admitted on cross examination that he had received SSS Form 217 advising him of his right to appeal and testified that he received the advice of the Twin Cities Draft Information Center regarding his rights under the Selective Service System. The court finds that defendant was not mis-

led by his conversations with the executive secretary of the local board.

Therefore the court adjudges the defendant to be guilty of the offense charged in the indictment. It is ordered that the case be referred to the probation office for presentence investigation with defendant to be notified later of the date of sentencing. Defendant's present bond is to be continued to that date.

[1]. 32 C.F.R. § 1622.21 provides that Class II deferments shall be for a period of one year or less and requires a yearly reopening of the classification of a registrant holding a Class II deferment.