**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Arthur Francis CORDOVA, Defendant-
Appellant.**

**No. 71–1332.**

United States Court of Appeals,
Tenth Circuit.

Feb. 9, 1972.

---

Charles W. Johnson, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on brief), for plaintiff-appellee.

Walter L. Gerash, of Gerash & Kaiser, Denver, Colo., Kenneth A. Padilla, Denver, Colo., on the brief, for defendant-appellant.

Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found defendant-appellant guilty of refusing to submit to induction into the Armed Forces of the United States in violation of 50 App.U.S.C. § 462(a) and he appeals.

After registration with his Local Board in August, 1966, defendant, with unimportant interruptions, was classified II–S or II–S(C) until July, 1969, when he was classified I–A and later ordered to report for induction. He refused induction and his file was referred to the United States Attorney for prosecution. Because of administrative irregularities in the Board's proceedings, prosecution was declined. Although the delinquency was purged from the defendant's Selective Service file, he was never notified of that action or of the failure to prosecute. On April 14, 1970, he was classified I–A and sent the usual notice.

At the trial defendant testified that his conscientious objector beliefs crystallized in late April and that he telephoned the Board some time that month. Another witness confirmed the making of the call. The defendant said that he told the Board clerk his name and inquired about requesting CO status. The clerk asked if he had received his Notice to Report for Induction and, unaware that his previous delinquency had been purged, he answered that he had already refused induction. The clerk responded that "it was too late, that it was out of the hands of the Selective Service System, that it was in the hands of the District Attorney and that there was nothing the Local Board could do."

The call was not noted in the defendant's file but the Board's usual practice was not to note oral inquiries. Although the clerk did not remember the phone call, she admitted that it could have taken place and that she might have responded in the manner alleged. The government contends that the telephone call never occurred.

At the trial, the district court determined that it would resolve the issues of proper classification and lawful issuance of the induction order as questions of law, and that the jury would determine whether the defendant knowingly and wilfully refused to submit to induction. Evidence of the phone call was admitted as relevant to the question of specific intent. The court instructed the jury that it was to decide whether the defendant had the requisite intent. The jury returned a general verdict of guilty.

In the course of the trial the defendant urged that United States v. Burns, 10 Cir., 431 F.2d 1070, was controlling. An objection to the instructions was made on the basis of Burns. Notwithstanding, the court tried the case according to the mentioned format.

In Burns, the registrant, while classified I–A, went to his Board to inquire about CO classification. The secretary of the Board gave him misleading infor-

mation which lead him to believe that he had no basis for a CO claim and that it would be useless to file one. Ibid. at 1071 and 1073. In reversing a judgment of conviction based on a jury verdict of guilty, we held that the misleading information had deprived the registrant of important administrative rights and precluded a conviction for failure to submit to induction. Ibid. at 1074.

 We see no escape from Burns. At the trial one witness besides the defendant testified that the phone call was made. The Board clerk did not deny the call nor the defendant's version of what was said. She said that she did not remember the call and conceded the possibility that it was made. If defendant's version is correct, he was mislead. The previous delinquency had been purged, no induction order had been entered, and there was time within which to claim CO status. In our opinion nothing in the record casts doubt on the verity of the evidence. In the circumstances, the testimony must be accepted. See Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 531, and Nicholas v. Davis, 10 Cir., 204 F.2d 200, 202.

The government argues that the general verdict of guilty resolves the question of misleading information contrary to the contentions of the defendant. We are not convinced. As instructed by the court, the jury was not required, in order to convict, to find that the phone call was not made or that the defendant was not mislead. The question is not whether the defendant wilfully and knowingly violated the induction order. Rather, it is the propriety of the administrative process.

The Board has an affirmative duty not to mislead and to give correct information and advice. United States v. Quattrucci, 1 Cir., 454 F.2d 58; United States v. Fisher, 7 Cir., 442 F.2d 109, 114; and Powers v. Powers, 5 Cir., 400 F.2d 438, 441. When, as the result of misleading information, a registrant is denied an important administrative right, such as the right to apply for CO status prior to an induction order, he is denied procedural due process and conviction for failure to submit to induction is precluded. United States v. Fisher, supra, 442 F.2d at 114.

The crux of Burns is that a defendant may not be convicted of failure to submit to induction when the Selective Service System by giving misleading information has denied him important administrative rights. On the record before us such a denial is established.

The judgment is reversed with directions to dismiss the indictment. The induction order should be vacated and the defendant should have a reasonable opportunity to file a CO claim with the Board. When and if that is done, the usual procedures will apply. See Burns, supra, 431 F.2d at 1074.