**UNITED STATES of America,**
**Plaintiff,**
v.
**Timothy Alois OLMSCHEID, Defendant.**
**No. 4–71–Crim. 253.**

United States District Court,
D. Minnesota,
Fourth Division.
April 20, 1972.

---

Elizabeth A. Egan, Asst. U. S. Atty., Minneapolis, Minn., for the United States.

Kenneth E. Tilsen, St. Paul, Minn., for defendant.

## MEMORANDUM DECISION AND JUDGMENT OF ACQUITTAL

LARSON, District Judge.

Defendant was indicted on September 29, 1971, for failing to comply with an order of his local Selective Service board to report for and submit to induction into the Armed Forces, in violation of the Selective Service Act of 1967, 50 App.U.S.C. § 462. The matter was tried to the Court on February 4, 1972.

Defendant originally registered with the Selective Service System in December 1965. From that time until the summer of 1969 defendant was a full time college student at St. Cloud State College and was classified II–S by his local board. In the spring of 1969 de-

fendant signed a contract to teach school in the Virginia, Minnesota, Public School System during the 1969–70 academic year. On the basis of this contract defendant sought a II–A occupational deferment from his local board. On June 24, 1969, however, the local board rejected defendant's application and classified him I–A.

Following this rejection defendant made a personal appearance before the board on July 18, 1969, to contest the I–A classification. The board, however, refused to alter its decision, and defendant was continued in Class I–A. Defendant thereupon appealed the I–A classification to the State Appeal Board, which on September 22, 1969, likewise voted to classify defendant I–A.

Thereafter, by letter dated October 17, 1969, defendant was ordered to report for induction on November 3, 1969. The induction date, however, was postponed to permit defendant to complete his teaching duties during the 1969–70 academic year. On July 6, 1970, defendant submitted to his local board an application for classification as a conscientious objector. Upon receipt of this application, the board again postponed defendant's induction date, reviewed the application, and decided not to reopen defendant's classification, thereby continuing him in Class I–A.

Defendant was thereupon ordered to report for induction on August 11, 1970. On the specified date defendant reported at the induction station, but refused to submit to induction. It was this refusal which brought about the instant prosecution.

Following trial, defendant made a motion, based on various grounds, for judgment of acquittal. After a thorough examination of the record, this Court has determined that the defendant is correct in his assertion that the denials by the local and appeal boards in the summer of 1969 of his request for a II–A occupational deferment are not supported by any basis in fact in the record. Defendant's motion for judgment of acquittal must therefore be granted, and the remaining arguments advanced by the defendant in favor of a judgment of acquittal need not be examined.

■ At the outset it should be noted that the Courts have a very limited scope of review over the actions of Selective Service officials. The rule is well established that, where there has been no procedural irregularity, the denial of a registrant's application for a deferment or exemption can be set aside by the Courts only if there is no basis in fact in the record to support the denial. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

■■ Furthermore, it is clear that the registrant has the burden of establishing that he falls within a particular classification. Dickinson v. United States, supra; United States v. Pyrtle, 423 F.2d 772 (8th Cir. 1970). It is also clear, however, that when the uncontroverted evidence supporting a registrant's claim places him within the objective requirements of a particular classification, a local or appeal board may not dismiss the claim solely on the basis of suspicion or speculation. Dickinson v. United States, supra; United States v. Pyrtle, supra.

Selective Service classification procedures require the local board to classify each registrant solely on the basis of the written information in the registrant's file. 32 C.F.R. § 1623.1(b). The regulations also clearly require that a registrant is to be placed in the lowest class for which he is eligible. 32 C.F.R. 1623.2.

A registrant's eligibility for a II–A occupational deferment is governed by 32 C.F.R. §§ 1622.22 and 1622.23. At all times relevant to the instant defendant's application for a II–A deferment,

these regulations provided in pertinent part as follows:

"§ *1622.22 Class II–A: Registrant deferred because of civilian occupation*

. . . .

(a) In Class II–A shall be placed any registrant whose employment in industry, or other occupation or employment . . . is found to be necessary to the maintenance of the national health, safety, or interest."

"§ *1622.23 Necessary employment defined.*

(a) . . . [A] registrant's employment in industry or other occupation . . . shall be considered to be necessary to the maintenance of the national health, safety, or interest only when all of the following conditions exist:

(1) The registrant is, or but for a seasonal or temporary interruption would be, engaged in such activity.

(2) The registrant cannot be replaced because of a shortage of persons with his qualifications or skill in such activity.

(3) The removal of the registrant would cause a material loss of effectiveness in such activity." [1]

■ The Court has carefully reviewed the defendant's Selective Service file and has found no written information contradicting the defendant's claim for a II–A occupational deferment. The following uncontradicted evidence, which is all contained in defendant's file, satisfies the criteria for a II–A deferment:

In a Selective Service questionnaire (Minn. Form 80—Teacher Employment Questionnaire) which was returned to the local board on June 19, 1969, the Superintendent of the Virginia, Minnesota, Public School District stated that defendant was under contract to teach junior high history and Spanish during the 1969–70 academic year and that if defendant were not granted a deferment for that period, it would be virtually impossible to find a replacement for him. Defendant graduated from college with a double major in history and Spanish, and the Superintendent stated that as of that date no replacement with such a double major was available. [2]

In a similar questionnaire returned to the local board on July 2, 1969, the Director of Curriculum, Instruction and Personnel for the Virginia School District likewise stated that if the defendant were not granted a deferment for the 1969–70 academic year, it would be virtually impossible to find a replacement for him. As a basis for this conclusion, he stated: "Mr. Olmscheid has majors in history and Spanish, and this is an unusual combination." He further stated: "If Mr. Olmscheid was not available, we would have to discontinue his portion of the Spanish program in the junior high school." And finally he stated: "I have visited 11 colleges and travelled about 5,000 miles in the past six weeks trying to fill our vacancies, and I am having difficulty with the more common subjects." [3]

Following the denial by both the local and appeal boards of defendant's application for a II–A deferment, this same Director of Curriculum, Instruction and Personnel, in a final effort to obtain a II–A deferment for the defendant, wrote to the local board and stated, inter alia:

"Mr. Olmscheid teaches Spanish and history in the Virginia Junior High

1. These regulations were amended in April 1970 by Executive Order 11527. See 35 Fed.Reg. 6571 (1970). Because of the time sequence, however, these amendments are irrelevant to the disposition of the instant case.

2. See Item 9 of defendant's Selective Service file, which file was received in evidence as Government's Exhibit 1.

3. See Item 12 of defendant's Selective Service file.

School. If he were to leave it would not be possible to replace him for this school year. I frankly do not know what I would do with the children, other than assign them to a study hall.

"I am sure you are concerned about our educational program and would not want to see it destroyed." [4]

This letter was received by the local board on October 2, 1969.

These various statements clearly established that defendant satisfied the criteria under §§ 1622.22 and 1622.23 for a II–A occupational deferment.

1. He was, or but for a seasonal interruption would have been, engaged in a qualifying activity;

2. Because of a shortage of persons with his qualifications or skill in such activity, he could not have been replaced; and

3. His removal would have caused a material loss of effectiveness in such activity.

■ Since the defendant satisfied his burden of establishing a prima facie case of entitlement to the deferment, it is this Court's obligation to examine defendant's Selective Service file to determine whether the local and appeal boards' denials of the requested deferment are supported by a basis in fact. A thorough examination of the file has revealed no such basis in fact. The only material in the file which could possibly be construed as support for the boards' denials is a statement contained in Item 14. This statement, which was prepared by the Executive Secretary of defendant's local board on July 22, 1969, provides as follows:

"The above registrant appeared before the local board members stating he would like to teach one year before going into Military Service. The local board members dicussed [sic] the fact that once a teacher starts teaching it is felt by the local board members that the Superintendent and the registrant they can not be replaced and are more valuable than a new teacher. [Grammatically incorrect but verbatim.] The members informed the registrant they felt he should go into service first and then come back and teach. A vote of 3 to 1 was taken that registrant remain in I–A."

■ Although this statement may supply the reason for the local board's denial of defendant's requested classification, it does not supply a reason which is legally valid. In order for a reason for the denial of a requested classification to be considered legally valid, the reason must not only be supported by a basis in fact in the record, it must also involve the application of a proper standard for judging the validity of the request. See Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Gatchell v. United States, 378 F.2d 287 (9th Cir. 1967). The reason given by the local board in the instant case did not involve the application of such a proper standard.

Although it may very well be true that an experienced teacher is more valuable and more difficult to replace than a new teacher, this factor is completely irrelevant to a determination of whether a registrant qualifies for a II–A deferment. The considerations relevant to such a determination are set forth in the regulations cited above, and nowhere in those regulations can a consideration such as that applied by the local board in the instant case be found. Therefore, since the reason given by the local board for the denial of defendant's requested classification involved the application of an improper standard for judging the validity of the request, this reason cannot be relied upon by this Court to support the denial.

Defendant clearly established, under the appropriate regulations, a prima fa-

---

4. See Item 19 of defendant's Selective Service file.

894

cie case for a II–A classification. Since a thorough examination of the record has revealed no basis in fact to support the local and appeal boards' denials of such a classification, this Court finds that the denials were erroneous. The induction order which was issued to the defendant following those denials was therefore invalid, and defendant must be acquitted of the charge of failing to comply with the order.

At this point it should be noted that this Court does not hold that the defendant must now receive a II–A occupational deferment, nor does it hold that the defendant was necessarily entitled to such a deferment in the summer of 1969. It holds merely that the record before it reveals no basis in fact for the denial in the summer of 1969 of defendant's request for such a deferment.

Because of the nature of this holding, it might be argued that since defendant's induction date was postponed until the summer of 1970 to allow him to complete his teaching duties during the 1969–70 academic year, he was not prejudiced by the denial. This argument, however, ignores the facts that in July 1970 the defendant submitted to his local board an application for classification as a conscientious objector, and that, because he had already been issued an order to report for induction, the local board was not required to and, in fact, did not reopen his classification to consider the application. See Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). If, however, the defendant had received a deferment for the school year rather than merely having had his induction date postponed, the local board would have been required to reopen his classification to consider the conscientious objector application. See Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). Defendant therefore was prejudiced by the denial.

Defendant's motion for judgment of acquittal is granted.