**UNITED STATES of America, Appellee,**

v.

**John Edward KRUMWIEDE, Appellant.**

**No. 73–1909.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1974.

Decided April 3, 1974.

Donald J. Heffernan, St. Paul, Minn., for appellant.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal questions the sufficiency of the evidence to support the trial court's finding that appellant was not denied due process by his local draft board. We affirm.

It is undisputed that appellant registered with Local Board No. 97, Ramsey County, Minnesota and was classified II–S and I–Y until April 19, 1968 when he was classified I–A. The selective service file contains no request for a personal appearance or notice of appeal. The local board issued appellant an order to report for induction dated November 15, 1968 requiring him to appear on December 13, 1968. He failed to report as ordered. Indictment charging appellant with failing to report for and submit to induction was returned January 19, 1970. Because appellant was a fugitive appellant was not tried until October 14, 1973. Jury trial was waived and the case was tried to the court. After a finding of guilt by the court [1]

1. The Honorable Edward J. Devitt, Chief Judge.

appellant was sentenced to a term of two years imprisonment, all but six months of which was suspended, with the balance of eighteen months to be served on probation.

Appellant testified that he prepared a letter [2] to his local board indicating he was a conscientious objector which he attempted to deliver in late May 1968 to a woman who appeared to be the local board clerk; that he handed the letter to the clerk who after looking in his file returned the letter and advised appellant that he was ineligible to receive a I–O classification because he had been convicted of simple assault in 1967. Appellant further testified that he was disappointed and assumed that any further claim would be fruitless so he did not request a personal appearance or file an appeal; that a friend, Maurice Smith, accompanied him on the trip to the board office.

In support of his claim, appellant further offered the testimony of his parents who testified as to discussions appellant had with them concerning his views, and what occurred at the draft board office. They had no personal knowledge as to what happened at the board office. A friend, Dennis Kelly, testified as to conversations he had had with appellant with respect to a statement he was preparing concerning his views as a conscientious objector. He could not recall whether he had ever seen a conscientous objection claim. He had no personal knowledge as to what occurred at the draft board office. Appellant also offered the affidavit of Maurice Smith [3] who had accompanied appellant to the board office, which in general supported appellant's claim.

The government offered the testimony of the draft board clerk on duty during the period in question. She testified that she did not recall the conversation with appellant; that she had never told a registrant that he could not be classified as a conscientious objector—that would have been the local board's responsibility to make that decision; that she did not recall the board ever being out of form 150.

The trial court found that the defendant was not deprived of due process by his local board; that an employee of the local board did not refuse to accept the letter allegedly tendered by defendant, who, did not have a copy of the letter to present to the court. The court pointed out that its conclusion was supported by the testimony of the clerk; the past conduct of the local board which was always fair and considerate, it had twice postponed scheduled physical examinations when they conflicted with defendant's class schedule at the university.

We are satisfied that substantial evidence supports the district court's finding of fact that the employee of the local board did not refuse to accept appellant's letter claim as a conscientious objector. United States v. Bender, 469 F.2d 235 (CA8 1972). We cannot say that the court's findings are clearly erroneous. United States v. Rischard, 471 F.2d 105 (CA8 1973).

Misleading conduct by the local board or its representative may be raised as a valid defense for refusal to submit to induction. United States v. Burton, 472 F.2d 757 (CA8 1973). But here the trier of fact found the clerk did not refuse to accept the letter claim to a conscientious objector status. The trial court did not accept appellant's claim. In the motion for new trial the court specifically indicated it did not believe appellant. The matter of credibility was for the trial court.

Affirmed.

---

2. It was his best recollection that he had earlier requested a form 150 and the draft board was out of the forms.

3. At the time of trial a captain in the U. S. Army stationed at Ft. Knox, Kentucky.