**UNITED STATES of America**

**v.**

**Edward Morris DALE.**

**Crim. A. No. 6934.**

United States District Court
D. New Hampshire.
July 31, 1969.

William H. Barry, Jr., Asst. U. S. Atty., Concord, N. H., for plaintiff.

William H. Kelley, Manchester, N. H., for defendant.

## OPINION

BOWNES, District Judge.

Defendant Edward Morris Dale was indicted for failure to comply with the order of his local draft board to submit to induction into the Armed Forces of the United States in violation of section 12 of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462 [hereinafter, the Act]. His defense is based on four contentions: (1) that the local board and the state appeal board acted improperly in failing to honor his claimed status as a conscientious objector; (2) that a member of the defendant's local board who acted upon his case stood in the relationship of fellow employee to him, contrary to the regulations;[1] (3) that the local board acted contrary to the regulations when it failed to reopen and reconsider the defendant's classification upon notification that he was pursuing a full-time course of study at the University of New Hampshire;[2] and, (4) that his order to report was contrary to the regulations because the board did not specifically authorize his induction order.[3]

At the conclusion of the government's case, the defendant moved for an acquittal and offered no evidence.

## THE FACTS

The facts are undisputed. The defendant registered with Local Board No. 9 in Dover, New Hampshire [hereinafter, the Dover Board], on January 3, 1966, and was classified I–A on February 14th. In March and October of 1966, after notification by the University of New Hampshire [hereinafter, the University], that he was pursuing a full-time course of study, the defendant was

---

1. Specifically, 32 C.F.R. § 1604.55 "Disqualification."

2. Relying upon 32 C.F.R. § 1625.3(b).

3. 32 C.F.R. §§ 1631.7 & 1604.52a(c). See United States v. Powers, 413 F.2d 834 (1st Cir., 1969).

classified II–S. In September of 1967, the defendant requested an SSS Form 150 ("Special Form for Conscientious Objector"), which, when returned to the Dover Board, contained, in addition to an outline of his claim as a conscientious objector, the statement " * * * I will not be a full time student in the fall semester of this year, 1967." Gov't Exh. No. 1, doc. 10.

In January of 1968, the defendant received a pre-induction physical examination and was found to be "acceptable." He was classified I–A by the Dover Board on February 12th and informed in the customary manner of his right to appeal the classification. He requested and received a personal appearance before the Dover Board on March 26th, at which time he told the board that he was working as a janitor at the University and taking evening courses. He also stated the basis for his claim to classification as a conscientious objector. The board, after consideration, again classified him I–A.

On April 23, 1968, the defendant requested an appeal and submitted new material to the Dover Board. The board considered the new material and decided not to reopen his classification. An appeal was taken and the defendant was classified I–A by the state appeal board on June 19th. On July 18th, the board received a letter from Dale with which he enclosed a statement from the University notifying him that he had been readmitted to the University for the term starting in September, 1968, as an *"Undeclared Student"* on terms of "Scholastic warning." Gov't Exh. No. 1, docs. 41 & 43. On July 23rd, the Dover Board sent Dale an "Order to Report For Induction," with a reporting date of August 15th. Gov't Exh. No. 1, doc. 45.

On August 9th, Dale applied for, and received a "Transfer For Armed Services Physical Examination Or Induction" to Local Board No. 25 in Brookline, Massachusetts. On August 21st, the Brookline Board issued an "Order For Transferred Man To Report For Induction" with a reporting date of September 16th. On September 10th, the defendant applied for, and received another "Transfer For Armed Services Physical Examination Or Induction" to Local Board No. 8 in Exeter, New Hampshire. The Exeter Board, on September 23rd, issued an "Order For Transferred Man To Report For Induction," with a reporting date of September 26th. On September 26, 1968, the defendant reported to the induction station but refused induction.

On September 3, 1968, the Dover Board received from the University Registrar a "Student Certificate" (SSS Form 109) stating that the defendant had been readmitted to the University for semester I, 1968–1969, and advising that a formal notification would be forthcoming after registration in September. Gov't Exh. No. 1, doc. 66.

The following facts are also found:

(a) Albert D. Van Allen was a member of Local Board No. 9, Dover, New Hampshire, when that board classified Dale I–A on February 12, 1968, and March 26, 1968, and "acted" on the classification of the defendant registrant on each occasion.

(b) At all times relevant to this case, Albert D. Van Allen was employed by the University as Director of University Relations.

(c) The defendant was employed by the University as a janitor from September 6, 1967 to September 6, 1968, and brought the fact of his employment to the attention of the board on three occasions.

(d) The defendant did in fact register at the University on September 19th and assumed the status of a full-time student on September 20th, six days prior to the date on which he reported for, and refused induction.

## FINDINGS AND RULINGS

I. *Defendant's Claim That He Should Have Been Classified As A Conscientious Objector.*

 This issue is to be determined on whether or not there was "a basis in fact" for the denial of such claim.[4] The defendant's statements on his SSS Form 150 ("Special Form for Conscientious Objector") clearly reveal that the board could have found that the defendant did not meet the religious standards required by United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), or by the Military Selective Service Act of 1967, 50 U.S.C. App. § 456(j). In answer to question 4 of his SSS Form 150 ["4. Give the name and present address of the individual upon whom you rely most for religious guidance."], he replied: "I rely mostly on myself for religious guidance." In answer to question 2 on the form,[5] he stated unequivocally " * * * My belief in a Supreme Being does not involve duties which are superior to those arising from any human relation." This expressed position is directly contrary to the test approved in *Seeger,* first promulgated by Chief Justice Hughes in United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302 (1931): "The essence of religion is belief in a relation to God involving duties superior to those arising from any human relation." 283 U.S. 605, 633–634, 51 S.Ct. 570, 578. While a personal moral code may be even more demanding than religious training, convictions, and belief, both *Seeger* and the 1967 Act exclude the former as a basis for exemption as a conscientious objector.[6]

II. *Whether Or Not There Was A Failure Of Due Process Because A Fellow Employee Of The Defendant Took Part In His Classification.*

 Section 1604.55(a) of the regulations provides in pertinent part:

No member of a local board shall act on the case of a registrant * * * who is an employee or employer, or *who is a fellow employee,* or stands in the relation of superior or subordinate in connection with any employment * * * of the member * * *. 32 C.F.R. § 1604.55(a). "Disqualification." [Emphasis added.]

The Court has been unable to find any cases defining or delineating the scope of the "employment nexus" proscribed by this regulation. It is clear, nevertheless, that the regulation, if read literally, was violated in the instant case. Board Member Van Allen acted upon the defendant's case on three occasions while they were both employed by the University. (Van Allen, as Director of University Relations and Dale, as a janitor.) On February 12, 1968, Dale was classified I–A by the Dover Board; Dale was again classified I–A after a personal appearance before the board on March 26, 1968; and, on May 21, 1968, the Dover Board considered new material submitted by Dale, but did not reopen his classification. Each of these actions was unanimous. The fact that Mr. Van

---

4. See United States v. Curry, 410 F.2d 1297 (1st Cir., 1969).

5. "2. Describe the nature of your belief which is the basis of your claim made in Series I above [Claim for Exemption], and state whether or not your belief in a Supreme Being involves duties which to you are superior to those arising from any human relation." SSS Form No. 150, Series II.

6. Section 456(j) of the Act provides, in pertinent part:

(j) Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term "religious training and belief" does not include essentially political, sociological, or philosophical views, *or a merely personal moral code.* 50 U.S.C. App. § 456(j). [Emphasis added.]

Allen participated in the consideration and vote on each of these occasions is uncontested.

There is no evidence that the defendant's classification was in any manner based upon prejudice by Mr. Van Allen. In this situation, however, I feel that the absence of evidence of prejudice does not outweigh the obvious intent of the regulation and the seriousness of purpose with which it was undoubtedly drafted. In the light of the clear and unambiguous wording of the regulation, it would seem that the state appeal board should have sent the matter of the defendant's classification back for reconsideration with a specific directive that Mr. Van Allen not act on the case. It is my opinion that the violation of this regulation by the Dover Board was a serious failure of administrative due process, and that this error was compounded by the appeal board's failure to correct it.

### III. *The Student Deferment Issue.*

■ Although the "fellow-employee" issue effectively disposes of the case, the question of whether or not the board violated the regulations in regard to the defendant's request for a student deferment deserves discussion.

The specific regulation which the defendant claims was violated as to him provides as follows:

\* \* \* \*

(b) The local board shall reopen and consider anew the classification of a registrant to whom it has mailed an Order to Report for Induction (SSS Form No. 252) whenever facts are presented to the local board which establish the registrant's eligibility for classification into Class I–S because he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning. 32 C.F.R. § 1625.3(b).

The defendant emphasizes the mandatory nature ["shall reopen and consider anew"] of this regulation and draws this

Court's attention to three documents within his Selective Service file concerning his readmission to the University for the September, 1968, term: (1) a notice of readmission, forwarded to the Dover Board by the defendant, and received by the board on July 18, 1968 [Gov't Exh. No. 1, doc. 41]; (2) a "Student Certificate" (SSS Form 109), sent to the Dover Board directly from the University Registrar, and received by the board on September 3, 1968 [Gov't Exh. No. 1, doc. 66]; and, (3) a letter from the defendant addressed to the Dover Board, received on September 24th, in which the defendant stated:

\* \* \*

I am currently registered for 13 credit[s] which make me a full time student. I will probably be taking 16 or 17 credits this semester. I am satisfactorily pursuing this full time course of study \* \* \*. [Gov't Exh. No. 1, doc. 102.]

The information contained in these three documents is claimed to constitute "facts \* \* \* presented to the local board which establish the registrant's eligibility for classification into class I–S"[7] because of the pursuit of full-time instruction, hence requiring a reopening which the defendant did not receive.

At the outset, the Court is convinced that at the very least the letter of September 24th contains "facts" as required by the regulation. It can be argued that the two prior documents do not clearly indicate a present "pursuit," but rather a potential or possible "pursuit" of full-time study, *in the future*. And the regulation speaks in terms of the present. The "facts" of the September 24th letter were presented to the defendant's local board, the Dover Board, after it had mailed an order to report for induction. Since the regulation is applicable, the mandatory reopening and reconsideration of his I–A classification was a right clearly due the defendant.

The government argues, however, that if it were not for the transfers of in-

---

7. See 32 C.F.R. § 1622.15 "Class I–S: Student deferred by statute."

duction granted the defendant which resulted in postponement of his induction from August 15th (Dover Board's induction order) to September 26th (Exeter Board's induction order), the defendant never would have had the opportunity to claim the benefit of the regulation, and that since the transfers were issued for the convenience and benefit of the defendant, he should not be allowed to use them to avoid induction.

This argument has a certain amount of persuasiveness, particularly in this case, but it overlooks certain salient facts. The first is that the transfer regulations are wholly permissive as far as the local board is concerned and contain specific safeguards against evasionary tactics.[8] There is no suggestion here that the defendant used fraud to obtain either of the transfers. If the result of the transfers was a postponement of the original induction date, which enabled the defendant to claim the benefit of 32 C.F.R. § 1625.3(b), the regulation cannot for that reason be ignored or avoided. There is nothing in the Act or in the regulation that suggests or even infers that a registrant's request for a transfer from one board to another for induction purposes is made at his peril and that such a request may result in a waiver of his rights under the Act and the regulation.

The government's argument also overlooks the fact that the defendant is being prosecuted for failure to submit to induction pursuant to the order of the Exeter Board, not the initial order of the Dover Board. Furthermore, the transfer regulations themselves make it clear that from an administrative point of view the Dover Board was always the "local board" as far as the defendant was concerned, and any extensions resulting from the transfers from Dover to Brookline to Exeter have to be treated in effect as extensions of the initial induction order.[9]

On September 24th, the defendant's local board (Dover Board) was presented with facts which required that the defendant's classification be "reopened and considered anew." On that date, the defendant had not yet been inducted. The failure of the local board to follow the mandate of 32 C.F.R. § 1625.3(b) was a denial of due process of law as to this defendant.

IV. *The Defendant's Claim That His Order To Report For Induction Was Illegal Because That Order Was Not Specifically Authorized By The Entire Board.*

■ This contention does not merit extended discussion. This Court's decision in United States v. Prescott, 301 F.Supp. 1116 (D.N.H.1969), considered and rejected a similar defense on the authority of the First Circuit's decision in United States v. Powers, 413 F.2d 834 (1st Cir. 1969). The claim of defendant Dale is likewise rejected.

For the reasons stated herein, the motion for acquittal is granted and the defendant is ordered discharged.

---

8. See 32 C.F.R. § 1632.9 "Certain registrants may request transfer for induction." Subsections (c) (1) & (2) of § 1632.9 prescribe investigation of the registrant's absence from his own local board area, a judgment by the transfer board as to the merit of his reasons, and approval of the registrant's request.

9. 32 C.F.R. § 1632.9(k) provides that: (k) The transferred registrant, if inducted, shall not be credited to the local board to which he was transferred *for delivery*, but shall be credited to his own local board. [Emphasis added.]