Daniel **ALEXANDER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 26377.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1970.

Phillips B. Patton, Santa Cruz, Cal., (argued), for appellant.

John G. Milano (argued), Asst. U. S. Atty., Robert L. Browning, U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

This court has consistently held that, absent exceptional circumstances, the failure of a selective service registrant to seek an administrative review of his classification precludes him from asserting a claim of conscientious objection as a defense in a prosecution for refusing to submit to induction. Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1970) (Citing numerous cases).

We are now urged to take a great leap backward and hold that a registrant who deliberately refuses to make a claim of conscientious objection to his local board in the first instance should nevertheless be permitted to urge that claim as a defense.[1]

We decline to do so.[2] The same considerations discussed in *Lockhart,* which

1. On the basis of evidence tendered in an offer of proof, the district court declared (orally) "The court will specifically find that the defendant, as requested by defense counsel, is sincere in his beliefs and is based upon religious training and belief with respect to not desiring to serve in the military." The government

makes no attack on the sufficiency of this "finding" and we treat it as a judicial determination that appellant is a conscientious objector within the meaning of the statute.

2. Granting, as appellant argues, that 50 U.S.C. App. 456(j), the sub-section treating of conscientious objectors, manifests

dictate the exhaustion of administrative remedies doctrine, likewise compel the initial filing of a conscientious objection claim with a registrant's local board.[3]

Judgment affirmed.

---

a clear Congressional intention to exempt such registrants from military service, we believe that it is not self-operating and that it contemplates board consideration of conscientious objector claims. In part, it provides: " * * * Any person claiming exemption from combat training and service because of such conscientious objections whose claim is sustained by the local board shall * * * if he is found to be conscientiously opposed to participation in such noncombatant service * * * be ordered by his local board, * * * to perform * * * civilian work contributing to the maintenance of the national health, safety or interest, as the local board * * * may deem appropriate. * * *"

3. In McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), a case heavily relied upon by appellant, the claim—sole surviving son—

was not one especially lending itself to administrative expertise. But as the Court noted (ft. n. 16, p. 198, 89 S.Ct. p. 1665):

"Conscientious objector claims * * * or deferments for those engaged in activities deemed 'necessary to the maintenance of the national health, safety or interest' * * * would appear to be examples of questions requiring the application of expertise or the exercise of discretion. In such cases the Selective Service System and the courts may have a stronger interest in having the question decided in the first instance by the local board and then. by the appeal board which considers the question anew. 32 C.F.R. 1626.26. The Selective Service System is empowered by Congress to make such discretionary determinations and only the local board and the appeal boards have the necessary expertise."