**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Richard Burman BRAY, Defendant-Appellant.**

**No. 26660.**

United States Court of Appeals, Ninth Circuit.

June 22, 1971.

Philip L. Burton (argued), Seattle, Wash., for defendant-appellant.

Vinita Jo Neal, Sp. Asst. U. S. Atty. (argued), Portland, Or., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HAMLIN and MERRILL, Circuit Judges, and HILL, District Judge*.

PER CURIAM:

Bray appeals from a conviction for refusal to submit to induction into the armed forces, in violation of 50 U.S.C. App. § 462. The issue presented on this appeal is whether Bray's local draft board acted contrary to Selective Service Regulations in refusing to reopen his I–A classification for the purpose of considering his claim to a I–S deferment. We conclude that Bray's local board acted improperly, and we reverse.

In September, 1968, Bray enrolled at the Green River Community College for the fall quarter of the 1968–1969 academic year. He did not enroll for the winter quarter. On December 19, 1968, Bray's local board classified him I–A. On February 21, 1969, the Registrar of Green River Community College mailed Bray's local board an SSS Form 109, showing that Bray had been accepted in a full-time course of instruction for the spring quarter, 1969, to commence on or about March 28, 1969. On March 17, 1969, Bray was ordered to report for induction on April 16, 1969. On April 11, 1969, Bray wrote his local board, advising that he was then engaged in a full-time course of instruction pursuant to his earlier enrollment. Bray reported to his induction center on April 16 but refused to take the symbolic step forward.

The outcome of this case is controlled by 32 C.F.R. § 1625.3(b), founded upon 50 U.S.C. App. § 456(i), which provides: "The local board shall reopen and consider anew the classification of a registrant to whom it has mailed an Order to Report for Induction (SSS Form No. 252) whenever facts are presented to the local board which establish the registrant's eligibility for classification into Class I–S because he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning."

32 C.F.R. § 1622.15(b), founded upon 50 U.S.C. App. § 456(i), sets forth the prerequisites to eligibility for I–S classification. It provides in relevant part: "In Class I–S shall be placed any regis-

* Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

trant who while satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning and during his academic year at such institution is ordered to report for induction * * *"

The Government argues that "pursuit" of a full-time course of instruction does not begin until a registrant is actually attending classes. The Selective Service Regulations provide no direct support for this contention, and the Government's primary concern seems to be to deny I–S deferments to registrants who receive a notice of induction and then seek to evade the draft by subsequently registering in a full-time course of college studies.

Bray does not fall within the class of registrants that trouble the Government. Before he received any notice to report for induction, Bray had in good faith enrolled in a full-time course of study at a college which he had previously attended for the next available academic period. The college had accepted Bray's enrollment, and Bray had paid his tuition fees before he received his notice of induction. Under these circumstances, we think that Bray, on the date that his induction order was mailed, was "satisfactorily pursuing a full-time course of instruction," even though his classes had not yet started. *Cf.* Keibler v. Selective Service Local Board No. 170, 3 S.S.L.R. 3294 (N.D.N.Y. March 4, 1970); United States v. Dale, 304 F.Supp. 1278 (D.N. H.1969). We feel that the Government's interest will be adequately protected if pursuit of a course of instruction, for purposes of 32 C.F.R. §§ 1622.15(b), 1625.3(b), is deemed to commence with enrollment.[1] *Cf.* Keibler v. Selective Service Local Board No. 170, *supra.*

We conclude that the information Bray provided to his local board on April 11, 1969, satisfied the criteria of 32 C.F.R. § 1622.15(b), and, therefore, that reopening was mandatory under 32 C.F.R. § 1625.3(b).

Judgment reversed.

---

1. We reject the Government's contention that reopening was barred by 32 C.F.R. § 1625.2, which generally prohibits reopening after the mailing of an induction notice unless there has been a post-induction order change in the registrant's status resulting from circumstances beyond his control. The language of 32 C.F.R. § 1625.3(b), which requires reopening in this case, makes it clear that it is a specific exception to the general rule announced by 32 C.F.R. § 1625.2.