**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Norman Francis LEWIS, Defendant-Appellant.**

**No. 26373.**

United States Court of Appeals,
Ninth Circuit.

Sept. 16, 1971.

---

Max A. Keller (argued), Beverly Hills, Cal., for defendant-appellant.

David P. Curnow, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim.Div., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, BROWNING, and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for willfully and knowingly refusing induction into the armed forces. 50 U.S. C. App. § 462.

Appellant contends that under the applicable statute he was entitled to a I–S deferment as a matter of right because he received his induction notice while he was a full-time student. The applicable statute provides: "Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction * * * shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction * * *" 50 U. S.C. App. § 456(i) (2). See 32 C.F.R. § 1622.15.

The record discloses that appellant terminated his studies the same day his induction order was issued and mailed by his local board. He testified that he abandoned his studies because he received the induction order. The court, as trier of fact, was not required to believe his testimony. It seems unlikely that he received his induction order the day it was mailed. The court may well have concluded that when the induction order was issued appellant was no longer satisfactorily "pursuing a full-time course of instruction."

█ In any event, the right to deferment depends "upon the facts being presented to the local board." 50 U.S. C. App., § 456(i) (2). See also 32 C. F.R. § 1625.3(b). This condition was not satisfied here. In October 1968, preceding his reclassification as I–A in January 1969 and the issuance of his induction order in March, appellant informed his local board that in January 1969 he would complete his studies at the school he was then attending, but intended to transfer to another school immediately thereafter. The board was not advised, however, that he in fact did so. The board therefore had no information that appellant had continued his schooling after January 1969 until it was notified, after the issuance of the induction order, that appellant had withdrawn from school in March. The burden in this situation was upon appellant to show that he was entitled to the classification. 32 C.F.R. § 1622.1(c); see Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Bradley v. United States, 218 F.2d 657, 661 (9th Cir. 1954), rev'd on other grounds, 348 U.S. 967, 75 S.Ct. 532, 99 L.Ed.2d 754 (1955). On the basis of the record presented, appellant did not sustain this burden.

Appellant's remaining arguments involve a dispute regarding what actually happened at the induction center. Appellant testified that he refused to complete the standard security questionnaire on Fifth Amendment grounds. He further testified that the induction process was terminated at this point. He asserts that the government failed to observe its own regulation requiring continuation of the induction process despite a refusal to complete the questionnaire (A.R. 604–10, § 3–3); and he contends that this failure, and particularly the omission of a physical examination, prejudiced him and requires reversal, citing Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968), and Briggs v. United States, 397 F.2d 370 (9th Cir. 1968).

The government's version of what occurred is materially different. Army regulations specify that the security questionnaire is to be completed *after* the inductee has been given his physical examination. A.R. 601–270, § 3–18(b). A communication addressed to the board by an induction officer stated, in gener-

al terms, that appellant "refused to cooperate and therefore could not be processed." A second officer specifically advised the board, however, that appellant "was ordered to report to the medical section for a physical inspection. Mr. Lewis refused to report." There is nothing in the official file to indicate that appellant was even asked to complete the security questionnaire—the next stage in the induction process.

Viewed most favorably to the government, this evidence was sufficient to establish that appellant refused to submit to physical inspection.

Refusal to submit to a physical examination is tantamount to a refusal to be inducted, and appellant's complaint of variance between the evidence and the charge is therefore without substance. *See* Callison v. United States, 413 F.2d 133, 135 (9th Cir. 1969). *See also* United States v. Trimm, 416 F.2d 1145, 1148 (2d Cir. 1969).

 Appellant testified that he believed he was not required to submit to the physical because he had justifiably refused to complete the questionnaire step of the induction process. He now argues that, because of this testimony, the evidence of his intent to refuse induction was insufficient. But again, the court was not compelled to believe appellant's story. As we have said, the theory of the government's case was that appellant refused to take his physical examination, and the evidence was sufficient to convict on that theory. According to the government's proof, when appellant refused to take his physical examination, induction officials told him of his statutory obligation to obey the orders to those officials and to submit to induction. They also informed him of the consequence of refusing to do so. They then again ordered him to report for his physical examination, and he again refused to do so. This was enough to establish a knowing and deliberate refusal by appellant to perform his statutory duty.

Appellant's challenge to the composition of his local selective service board, based on the fact that some of its members resided outside the area over which the board had jurisdiction, was rejected in United States v. Reeb, 433 F.2d 381, 383–384 (9th Cir. 1970).

Affirmed.