UNITED STATES of America,
Plaintiff-Appellee,

v.

James Alan FERBER, Defendant-
Appellant.

No. 71–2349.

United States Court of Appeals,
Ninth Circuit.

Nov. 29, 1971.

**592**

James Alan Ferber (argued), John K. Van De Kam, Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Joseph H. Golant, Asst. U. S. Atty. (argued), Rom G. Kontos, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and CHOY, Circuit Judges, and CRAIG,* District Judge.

## PER CURIAM:

Appellant was convicted of refusing induction, 50 U.S.C. App. § 462. Appellant's main contention is that his local board erred in refusing to reopen his I–A classification to consider his conscientious objector claim filed after he received an order to report for induction.

Appellant argues that his claim rested on non-religious grounds, and that, therefore, the Supreme Court's decision in *Welsh v. United States*, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), permitting non-religious conscientious objector claims, was a material "change in status over which he had no control within the meaning of Regulation 32 C.F.R. § 1625.2."

*Welsh* was decided *before* appellant's induction notice was sent, however, and, under section 1625.2, a change of status must occur after the notice to warrant reopening a registrant's classification. United States v. Van Becker, 438 F.2d 1224, 1225 (9th Cir. 1971); United States v. Uhl, 436 F.2d 773, 774 (9th Cir. 1970). Moreover, appellant's letter accompanying his conscientious objector questionnaire reflects a prima facie conscientious objector claim under traditional, religiously based, pre-*Welsh* standards. *Welsh* therefore worked no change in appellant's status.

We have carefully considered the remaining points raised by appellant and find them without merit.

Affirmed.

---

* Honorable Walter E. Craig, United States District Judge, for the District of Arizona, sitting by designation.