**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Cyril HUDSON, Defendant-
Appellant.**

**No. 72–2282.**

United States Court of Appeals,
Ninth Circuit.

Nov. 15, 1972.

Stephen J. Perelson, of Serra, Perelson & Metcalf, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Joseph E. Reeves, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before TRASK and CHOY, Circuit Judges, and TALBOT SMITH,* District Judge.

PER CURIAM:

Hudson appeals his conviction by the district court, jury waived, for refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We affirm.

On April 13, 1966 Hudson received his second II–S student deferment. But he was reclassified I–A on July 17, 1966 while he was still a full-time student. The Local Board mailed Hudson a Form 110, which included a notice of his right to appeal, on August 23, 1966. On August 31, 1966 defendant requested an appeal but the board denied the request as not timely. Hudson, however, was not inducted and appears to have finished college. He was again classified I–A on August 28, 1969. Hudson did not appeal this classification and on October 16, 1969 he was ordered to report for induction. On November 3, 1969 his induction order was postponed by the board when Hudson filed a claim for conscientious objector status. The board refused to consider the claim and again ordered Hudson to report for induction. On January 27, 1970 Hudson reported but he refused to step forward.

Hudson validly contends that his local board erred by not granting him an appeal after his I–A classification in August 1966. But the issue is moot because Hudson was not prejudiced thereby. Three years later he was again classified I–A and at that time he could no longer claim student status. During the interim when he was improperly classified he was not ordered for induction. Because the local board is presumed to review the entire file upon each classification, all prior classifications are superseded by the registrant's final classification, which if valid renders harmless any errors occurring in prior classifications. Skinner v. United States, 215 F.2d 767, 768 (9th Cir. 1954), cert. denied 348 U.S. 981, 75 S.Ct. 572, 99 L. Ed. 763; United States v. Gress, 464 F. 2d 1002 (9th Cir. July 20, 1972). The final classification is not tainted by any error in the 1966 classification. Therefore, the induction order was valid.

Hudson attacks the board's refusal to consider his conscientious objector claim which was based on beliefs he held prior to receiving notice of induction. Since his claim was filed after he had received a valid induction order, the board was under no obligation to reopen the classification. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). An exception is made to this rule if the local board finds that there has been a change in the registrant's status resulting from circumstances over which he has no control. 32 C.F.R. 1625.2. United States v. Lopez, 442 F.2d 1311 (9th Cir. 1971).

Hudson contends that the Supreme Court decision in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) rendered five months after Hudson refused induction was a change in status over which he had no control and therefore obligated his board to reopen his classification. He relies on United States v. Ferber, 451 F.2d 591 (9th Cir. 1971) as support that the *Welsh* decision is the type of change in circumstances that requires reopening of a classification. His reliance is, however, misplaced because *Ferber* only decided

* Honorable Talbot Smith, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

that since *Welsh* was decided before the induction notice was sent it could not possibly be considered as a basis for a change in status.

 The expansion of a selective service classification five months after the issuance of an induction order is not a change in status within the meaning of 32 C.F.R. 1625.2. Classification functions of the local board cease with induction, and a registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassification. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968). At some point the selective service system must cease to have an obligation to reclassify a registrant. Except under very unusual circumstances not present here, that authority lapses after an induction order has been disobeyed. United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970), cert. denied 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971).

Affirmed.