**UNITED STATES of America, Appellee,**

v.

**Lester Masao UYEDA, Appellant.**

**No. 72-3075.**

United States Court of Appeals, Ninth Circuit.

March 27, 1973.

David Bettencourt (argued), Honolulu, Hawaii, for appellant.

Thomas P. Young, Asst. U. S. Atty. (argued), Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for appellee.

Before BROWNING and GOODWIN, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Lester Uyeda was convicted of refusing induction. He appeals on several bases, but asserts primarily that his local board erroneously denied him a I-S(c) student deferment.

The I-S(c) classification is nondiscretionary. The local board must grant a I-S(c) to any qualified registrant. To qualify, the registrant must be, at the time he receives his order for induction, "satisfactorily pursuing a full-time course of instruction," 50 U.S.C. App. § 456(i)(2); 32 C.F.R. § 1625.3(b); and must have enrolled in school before he received his induction order. United States v. Bray, 445 F.2d 819 (9th Cir. 1971). The registrant has the duty of presenting to the local board facts establishing his entitlement to a I-S(c). United States v. Lewis, 448 F.2d 1228 (9th Cir. 1971).

During 1970 Uyeda was enrolled at the University of Hawaii and had a II-S student deferment. He lost this deferment on December 1, 1970, for failure to make satisfactory academic progress. On January 1, 1971, Uyeda received an academic suspension from the University of Hawaii. On January 18, he enrolled for the coming semester at Leeward Community College, where classes were to start on February 1, 1971.

The local board did not learn of Uyeda's suspension from the University of Hawaii until after January 27, 1971, the date that the board sent Uyeda an order to report for induction on February 17. This order had attached to it, however, a letter telling Uyeda that he need not report on that date because he appeared to be eligible for a I-S(c) deferment. On February 2, the local board, having learned of Uyeda's suspension, directed him to report for induction on February 17.

On February 4, 1971, Uyeda wrote the local board reporting his enrollment at Leeward and requesting a I-S(c) so that he could complete the semester. At the bottom of his letter, Uyeda stated, "I had begun school after my induction order." If at this time Uyeda had correctly stated the facts to the board, the board would have been required to reopen and reclassify Uyeda I-S(c). 32 C.F.R. § 1625.3(b). However, the board, apparently misled by Uyeda's statement, believed that he had enrolled after receipt of his order. Uyeda did not fulfill his duty of presenting the facts which entitled him to a I-S(c) at this time. Before the date on which Uyeda was ordered to report, the local board received an authentication of his student status at Leeward. However, this document did not reveal the date of enrollment.

Uyeda did not report for induction on February 17. When requested by the local board to give his reasons, Uyeda replied in a letter which fully set forth the facts entitling him to a I-S(c). The local board nevertheless issued a new order to Uyeda, directing him to report on April 14. He did not report on that date.

At Uyeda's trial, the first count, charging failure to report on February 17, was dismissed. The first count was a valid count. But Uyeda was convicted of the second count (refusal to report on April 14).

The second order to report was invalid. Before it was issued Uyeda had sufficiently established his entitlement to a deferment. The first order was valid. Before the date of Uyeda's scheduled induction he had not presented the facts to the local board as required. However, the first order was not the basis for the conviction here. The second order

* The Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

cannot be characterized as a continuing-duty-to-report order. The second order was fatally defective because it was issued after the board had knowledge of facts precluding such an order. Therefore, Uyeda's conviction cannot stand.

Reversed.