**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Craig Alton ALFORD, Defendant-Appellant.**

**No. 72-2318.**

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1972.

Rehearing Denied Jan. 11, 1973.

Certiorari Denied April 16, 1973. See 93 S.Ct. 1910.

Carl Stewart (argued), Newport Beach, Cal., for defendant-appellant.

Joel Levine, Asst. U. S. Atty. (argued), Eric A. Nobles, Richard J. Trattner, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Alford was convicted of refusing to report for physical examination and to report for induction under 50 U.S.C. App. § 462. We affirm.

Alford's local board first classified him 1-A in March, 1969. In April he filed a conscientious objector claim which presented a prima facie case for that classification. Also in April he met with an appeals agent who failed to tell Alford of his rights on appeal or that failure to appeal would bar challenge of his 1-A classification.

In June, the board rejected his conscientious objector claim, reclassified him 1-A and duly notified him of its decision, sending him another Form 110 informing him of his appeal rights. He

neither requested a personal appearance nor appealed his reclassification.

The district court held that Alford's failure to appeal barred his challenging the reclassification in a criminal proceeding for failure to exhaust his administrative remedies, citing Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969). We agree. United States v. Gress, 464 F.2d 1002 (9th Cir. 1972).

Any errors made by the board or the appeals agent in connection with Alford's rights on appeal from his original classification or rejection of his conscientious objector claim were harmless. With the reclassification, a new round of rights and remedies began to which he did not avail himself. Skinner v. United States, 215 F.2d 767, 768 (9th Cir. 1954), cert. denied 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 763; United States v. Hudson, 469 F.2d 661 (9th Cir. 1972).

Alford's other contentions are without merit.

Affirmed.