**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Hanworth KINCAID,
Defendant-Appellant.**

**No. 72–1909.**

United States Court of Appeals,
Ninth Circuit.

April 10, 1973.

As Amended April 30, 1973.

The United States District Court for the Central District of California, E. Avery Crary, J., found defendant guilty of refusing to submit to induction and of willfully failing to provide the local board with his current mailing address on two occasions, and he appealed. The Court of Appeals, Eugene A. Wright, Circuit Judge, held that although the circumstances may have left registrant confused, he was not relieved of the responsibility of making appropriate inquiries about his draft status, as the plain language of SSS Form 110 should have indicated to him that he should explore the avenues of relief open to him within the Selective Service System; accordingly, under the facts of the case, the failure of the registrant to exhaust his administrative remedies precluded him from raising the defense that his classification had no basis in fact.

Martha Goldin, Atty. (argued), Alan Saltzman, Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Paul H. Sweeney, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and EAST,* District Judge.

* Of the District of Oregon.

**EUGENE A. WRIGHT, Circuit Judge:**

Appellant was convicted on three counts of an indictment charging him with violating 50 U.S.C. App. § 462(a). In Count I he was charged with refusing to submit to induction on May 25, 1971. In Counts II and III he was charged with willfully failing to provide the local board with his current mailing address on two occasions in 1967, once about June 26 and once about December 12. We affirm the judgment of conviction on Count I and employ the concurrent sentence principle to decline review of Counts II and III.

Appellant contends that his conviction on Count I should be reversed because (1) there was no basis in fact for his I-A classification, and (2) the local board failed to consider his late request for a hardship deferment.

A. *Exhaustion of remedies.*

■ The district court found that appellant's failure to exhaust his administrative remedies[1] within the Selective Service System precluded the court from considering the contention that there was no basis in fact for the I-A classification. Appellant had contended that unusual circumstances gave the district court discretion to excuse the failure to exhaust. The court felt that it had no such discretion in this case. A recitation of the facts is in order.

Appellant first registered with a local board in Santa Barbara, California on January 9, 1967. He was classified I-A on June 15, 1967 and found physically acceptable for service on March 5, 1968. On April 9, 1968 he was ordered to report for induction on May 6. He reported as ordered but refused to submit to induction.

On May 17 appellant wrote to the local board explaining that he had refused to submit to induction because of conscientious objection to war. In November of that year he requested, received, completed and returned SSS Form 150, the special form for registrants claiming conscientious objector (I-O or I-A-O) status.

On February 19, 1969 the United States Attorney's office declined to prosecute the May 6 refusal and suggested to the local board that it should consider the merits of appellant's I-O claim. The local board did so on April 7, 1969 and decided not to reopen appellant's classification. Appellant was sent SSS Form C-140L advising him of this action, the form containing no advice of appeal rights as none existed from the refusal of a local board to reopen a classification.

On May 13, 1969 appellant was again ordered to report for induction. At appellant's request the place of reporting was moved to Oakland and he reported there as ordered on July 9, 1969 but re-

---

1. References to "failure to exhaust administrative remedies" in the following discussion describe only the situation where a claim for a classification other than I–A has been presented to the local board but no appeal has been taken from the decision of the board to deny the claim. In judicial opinions the phrase "exhaustion of remedies" is sometimes used to describe the situation where the registrant has made no attempt to seek a classification other than I–A. *E. g.*, United States v. Pringle, 438 F.2d 1216 (1st Cir. 1971); United States v. McDuffie, 443 F.2d 1163 (5th Cir. 1971); United States v. Smogor, 415 F.2d 296 (7th Cir. 1969); Alexander v. United States, 435 F.2d 117 (9th Cir. 1970).

It is better to distinguish such cases from our present situation. *See* McKart v. United States, 395 U.S. 185, 204–207, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) (opinion of Mr. Justice White, concurring in the result). Only misleading conduct on the part of the Selective Service System or its agents will excuse the failure by the registrant to present his claim for an exemption or deferment to the local board in the first instance. United States v. Sanders, 470 F.2d 937 (9th Cir. 1972); United States v. Timmins, 464 F.2d 385 (9th Cir. 1972). *Accord*: United States v. Cordova, 454 F.2d 763 (10th Cir. 1972); United States v. Wilson, 345 F.Supp. 894 (S.D.N.Y. 1972). *But see* United States v. Fargnoli, 458 F.2d 1237 (1st Cir. 1972). And such misleading conduct operates not to relax the exhaustion doctrine but as a complete defense to the charge.

fused induction. For this refusal he was tried and acquitted in October 1970.

On February 8, 1971 the State Director ordered appellant's local board to reopen his classification and consider the merits of his I-O claim. This was done and the board rejected his claim on March 2. On March 8 appellant was sent SSS Form 110 notifying him of his I-A classification and advising him of his right to appeal. Appellant requested neither a personal appearance nor an appeal. On April 22 he was ordered to report for induction on May 25. It was appellant's refusal to submit to induction on May 25 that caused this prosecution.

Appellant contends that on these facts the district court should have exercised its discretion and excused the failure to appeal from the I-A classification of March 8, 1971 because appellant was unaware that his I-O claim had been rejected. In support of this contention he cites numerous cases in which the courts have relaxed the exhaustion requirement. None is in point, however, in the present case.

In Glover v. United States, 286 F.2d 84 (8th Cir. 1961) the court reversed a judgment of conviction, finding that no basis in fact existed for defendant's I-A classification and that his failure to exhaust administrative remedies should be excused because of "extremely exceptional and unusual circumstances." Id. at 91.

In Glover, the facts were that the registrant had appealed once from the denial of his claim for conscientious objector status. Although he had submitted no additional information in support of his claim his classification (and those of all others who had claimed but not been granted I-O status) had been reopened at the direction of National Head-

quarters for re-examination in light of two recent Supreme Court decisions. Defendant did not appeal from the I-A classification issued as a result of reopening but the court of appeals concluded that it would be inequitable to apply the exhaustion doctrine to bar review of his classification under these facts. In view of his earlier, unsuccessful appeal, the court felt that defendant was justified in believing that another appeal would be "repetitious, fruitless and vain." Id. at 90. See also United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971); United States v. Goss, 6 SSLR 3044 (N.D.Cal.1972); but see United States v. Holby, 345 F.Supp. 639 (S.D. N.Y.1972).

Even if we followed Glover, it would not govern the present case because appellant here had never appealed from the issuance of a I-A classification. It would have been totally unreasonable for him to dismiss as an idle gesture the opportunity to appeal his classification. United States v. Deans, 436 F.2d 596 (3d Cir. 1971).

The other cases cited by appellant are further from the mark. In Donato v. United States, 302 F.2d 468 (9th Cir. 1962), we remanded for further consideration by the district court because of a showing by the defendant that he may have been physically prevented from taking an appeal within the allotted time. See also United States v. Peeler, 5 SSLR 3633 (E.D.N.C.1972).

In Wills v. United States, 384 F.2d 943 (9th Cir. 1967), we excused the defendant's failure to exhaust administrative remedies for two reasons: first, because his objection to his classification raised a constitutional question "on which the courts have little reason to defer to administrative determination . . . ." Id. at 945,[2] and second, be-

---

2. To a certain extent Wills and Wolff v. S.S. Local Board No. 16, 372 F.2d 817 (2d Cir. 1967), anticipated McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) which held that exhaustion of administrative remedies is not required where the lawfulness of the registrant's classification turns

solely on an issue of statutory (or constitutional) interpretation. See also United States v. Bender, 469 F.2d 235 (8th Cir. 1972); United States v. Eades, 430 F.2d 1300 (4th Cir. 1970); Ramos v. United States, 319 F.Supp. 1207 (D.R. I.1970). Cf. United States v. Davila, 429 F.2d 481 (5th Cir. 1970).

cause the notice of classification from which defendant had not taken an appeal did not tell the full story, to wit, that defendant had been declared a delinquent. The notice of delinquency was not sent until after the time for appeal had expired. Neither factor is present in the instant case.

In United States v. Davis, 413 F.2d 148 (4th Cir. 1969), the court reversed a judgment of conviction because the failure of the local board to advise defendant of the availability of a government appeal agent, as required by Local Board Memorandum 82, deprived defendant of a substantial procedural right. The court held that failure to exhaust appellate remedies is no bar to the presentation to the court of facts showing that the local board failed properly to advise the registrant of his right to appeal. This holding makes eminently good sense but it has no application where, as here, the local board did follow prescribed procedures in notifying appellant of his right to appeal.

Finally, United States v. Thompson, 5 SSLR 3595 (D.Or.1972), heavily relied upon by appellant, is also factually inapposite. There the court found that the combination of three unique factors was "sufficient to mislead the defendant and to cause his failure to appeal." These were (a) the unusual classification language written on his Form 110, (b) the fact that unlike on previous occasions no Form 217 (advice of appeal rights) was sent (although the Form 110, as in the present case, did contain such an advice of rights), and (c) the fact that within the time allowed for taking an appeal defendant was sent a notice cancelling an outstanding induction order. Under these circumstances, the court felt that defendant was justified in believing that no action had been taken on his I-O claim. As the present case is factually distinguishable we need not decide whether this court should follow *Thompson.*

Although the circumstances here may have left appellant confused, we can-

not accept the premise of appellant's argument that he was relieved of the responsibility of making appropriate inquiries about his status. The plain language of SSS Form 110 should have indicated to him that he should explore the avenues of relief open to him within the Selective Service System. We said in United States v. Lansing, 424 F.2d 225, 227 (9th Cir. 1970):

"[I]n view of the ease with which appellant could have inquired of the board and learned the true status of his claim, we do not think it unreasonable to hold that he had no privilege to remain in ignorance. . . . "

We conclude that the district court was correct in deciding that *under the facts of this case* it had no discretion to excuse the exhaustion requirement. This case falls well within the settled rule in this circuit that failure to exhaust administrative remedies precludes a registrant from raising as a defense in a criminal prosecution the claim that his classification had no basis in fact. United States v. Maciel, 469 F.2d 718 (9th Cir. 1972); Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969); United States v. Deans, *supra. See also* McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); United States v. Zmuda, 423 F.2d 757 (3d Cir. 1970).

B. *The claim for a hardship deferment.*

On April 28 and May 21, 1971, subsequent to his receipt of the order to report for induction, appellant told the local board that he was married and that his wife was expecting a child in July and he asked to be considered for a hardship deferment. The clerk conveyed this to the board members who decided that the new informations submitted by appellant did not justify a delay of induction.

Appellant contends that the record shows the information was communicated to the members of the board only in the context of a request for postponement of his induction and that his re-

quest for reopening his classification was not considered as such. Assuming that the record supports this contention it is of no help to appellant.

The failure of the board to consider this request for a different classification was prejudicial only if the information made out a prima facie case for a different classification because of a change in circumstances (1) subsequent to the mailing of the induction order (2) beyond the control of the registrant. United States v. Stacey, 441 F.2d 508 (9th Cir. 1971).

The information submitted did not make out such a case. Appellant's marriage, even if subsequent to April 22, was not an event beyond his control. United States v. Dell'Anno, 436 F.2d 1198 (9th Cir. 1971). If appellant's wife was expecting a child in July it is apparent that they had anticipated it long before April 22. There was no post-induction order change of status. United States v. Hulphers, 421 F.2d 1291 (9th Cir. 1969).

The conviction on Count I is affirmed.