**UNITED STATES of America,
Plaintiff and Appellee,**

v.

**Leslie Robert MALONE, Defendant
and Appellant.**

**No. 72–1847.**

United States Court of Appeals,
Ninth Circuit.

May 1, 1974.

---

Gary A. Patton (argued), Santa Cruz, Cal., for defendant-appellant.

Robert E. Carey, Jr., Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

OPINION

Before HUFSTEDLER and CHOY, Circuit Judges, and SMITH,* District Judge.

CHOY, Circuit Judge:

Malone appeals his conviction for refusing to submit to induction.[1] He attacks his conviction on multiple grounds, and although we agree that the Selec-

tive Service System's processing of his case fell short, at times, of the high standards that citizens ought to expect of their Government, none of the System's failings affect the validity of Malone's conviction. Accordingly, we affirm.

In September, 1970, just prior to the expiration of his student deferment, Malone filed for conscientious objector status. His local board, number 62 in San Jose, California, denied his petition and reclassified him 1–A in November, 1970. Malone did not appeal.

On January 8, 1971, the board mailed Malone an order to report for a physical examination. Shortly after, his father wrote the board that Malone was hiking in the mountains where he could not be reached and that he would not return until after the date set for the physical. The letter went on to say that Malone would return at the end of January at which time he was slated to enroll in junior college.

Instead of scheduling Malone for another pre-induction physical, when the physical date passed, the board's clerk ordered Malone for induction under a proviso to 32 C.F.R. § 1631.7(a) (1971). Section 1631.7(a) normally requires the administration of a pre-induction physical; under the proviso, though, a registrant "may" be ordered for induction without benefit of that requirement when he has "refused or otherwise failed to comply" with the order to report for the physical. On the date set for induction, Malone appeared but refused induction.

*Validity of the Induction Order*

Malone challenges the validity of his induction order contending, first, that the words "refused or failed to comply" in the proviso to 32 C.F.R. § 1631.7(a) cover only willful nonappearances, which his concededly was not. The disjunctive "or" followed by the

---

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

1. *See* 50 U.S.C. § 462(a) (1970).

broad language "otherwise failed to comply," however, clearly indicate that the proviso was to have a wider sweep. If the proviso were to have been confined to volitional failures to appear, it would plainly have been unnecessary to add that language. To be sure, the primary purpose of the proviso is, as Malone correctly points out, to prevent registrants from indefinitely delaying induction by repeated, knowing avoidance of the pre-induction physical. But its wording leaves no doubt that its purpose was more encompassing: probably, it was also intended to eliminate the need for determining what were willful failures to comply in the many borderline cases that could be expected to arise. We conclude that nonvolitional failures to appear for a physical may properly be followed by an induction order under the regulation. *Cf.* United States v. Ossa, 470 F.2d 816 (9th Cir. 1972).

■ Malone's second ground of attack on his induction order is that it was not within the board clerk's power to issue. Arguing that the decision to dispense with the pre-induction physical is a discretionary one only the board can make, he points to the permissive language of the regulation which provides that a registrant "may" be ordered for induction upon his failure to appear for the physical. The law in this circuit, though, is settled by United States v. Ossa, 470 F.2d at 819–820. Faced with the identical case of a clerk issuing the order to report, the court reasoned that the word "may" in the regulation is included only to insure that the local board will not order one for induction before his lottery number is reached. Punitive inductions are thereby avoided. *Id.* at 819. The court indicated that the board has no discretion not to induct one who fails to appear for the physical, at least

where—as here—the physical notice, issued by the board, recited that failure to comply would result in a notice to report for induction. *Id.*; *see* United States v. Duarte, 469 F.2d 90 (9th Cir. 1972).[2]

Although we are compelled to uphold the application of the proviso to Malone, we nonetheless feel it necessary to comment on the inconsiderate manner in which Malone was processed. The record shows Malone was not at fault for missing his assigned physical; indeed, he did not even know it was scheduled. It would have been fairer had the board postponed the physical, as it had the power to do, upon receiving notice prior to the physical that Malone could not appear. *See* 32 C.F.R. § 1628.12 (1971). Its failure to exercise its discretion is unfortunate for Malone, but we lack the power to overturn his conviction since the board's actions complied with the technical requirements of 32 C.F.R. § 1631.7(a).

### Student Deferment

■ Malone next claims that his father's letter to the board, in part relating that Malone was scheduled to enroll in college, entitled him to a student deferment. However, a registrant has the burden of proving he is enrolled in school, and a mere letter of intent does not satisfy that burden. *See* United States v. Uyeda, 476 F.2d 958 (9th Cir. 1973); United States v. Lewis, 448 F.2d 1228, 1229 (9th Cir. 1971).

### Conscientious Objector Classification

■ Malone urges that we review the board's denial of his conscientious objector classification. But his failure to exhaust his administrative remedies precludes our consideration of the board's decision. Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969) (en banc).[3] While "exceptional circum-

---

2. A directive from the Selective Service System's national director, Local Board Memorandum No. 106, interprets the regulation in the same way. Although the California state director's interpretation is *contra*, that interpretation is, as the *Ossa* court observed, invalid in light of the national directive. *See* United States v. Ossa, 470 F.2d at 820.

3. That Malone requested the System's state director to review his application does not mean he properly exhausted his remedies. The state director, as appellant admits, has no power to award the classification unlike administrative appeal boards.

stances" may excuse compliance with the exhaustion requirement, *id.* at 1147, there are none here. Malone contends that a delay of nearly one month between the board's decision and notice to him of their denial is such a circumstance, vaguely asserting that this discouraged an administrative appeal. This is not the sort of state of affairs, seriously hampering the registrant's ability to appeal his board's decision, which could be deemed exceptional.[4] *See* United States v. Kincaid, 476 F.2d 657 (9th Cir. 1973) (fact that registrant confused not an exceptional circumstance); Lockhart v. United States, 420 F.2d at 1147–1148 (not one of those "rare and compelling reasons . . . which can justify elimination of the requirement of exhaustion."); United States v. Davis, 413 F.2d 148 (4th Cir. 1969) (failure to notify of availability of appeal agent an exceptional circumstance); Donato v. United States, 302 F.2d 468 (9th Cir. 1962), cert. denied 374 U.S. 828, 83 S.Ct. 1868, 10 L.Ed.2d 1052 (1963) (fact that registrant away on fire duty until after appeal time elapsed an exceptional circumstance).

### Post-Conviction Reopening

Finally, Malone claims that certain post-conviction events compel this court to void his conviction. After the trial below the United States Attorney advised the state Selective Service Office by letter of Malone's conviction. In May, 1972—while Malone's appeal was pending here—the state office returned Malone's file to his local board accompanied by the U. S. Attorney's letter and a cover letter from an official acting for the state director. The latter was a form letter with a number of statements

appropriate to different situations. Checked was a statement which required the board to reopen Malone's then 1–A classification under 32 C.F.R. § 1625.3 (1972).[5] Under that regulation the local board was required to reopen a registrant's classification when requested to do so by the state director; any outstanding induction order was cancelled when such a request was made. As the record then stood, it was possible that this letter required a reopening for the purpose of considering Malone's previously denied C–O request. In light of this possibility, we remanded to the trial court, in an unpublished order with Judge Smith dissenting, to consider the effect of this reopening upon his conviction.

The district court held an evidentiary hearing on the matter. It found that the intent of the state director's letter was simply to call to the board's attention Malone's conviction and, at the same time, to require a reassessment of his 1–A classification in light of it. *See* 32 C.F.R. § 1622.44 (1972). It held his conviction was unaffected.

■ We cannot quarrel with the district court's factual conclusion; the state director's letter was clearly intended, as the local board doubtless viewed it, to require reopening in view of Malone's conviction and not to require, or even to suggest, a reexamination of his pre-conviction C–O request. Nonetheless, Malone argues, citing United States v. Lloyd, 431 F.2d 160, 170–171 (9th Cir. 1970), cert. denied, 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971), that the *intent* of the letter is irrelevant. What is important, he contends, is that the letter had the *effect* under 32 C.F.R. § 1625.3 of entirely reopening his case,

---

4. Alternatively, Malone appears to argue that the delay was in itself enough to negative his conviction. Even assuming the delay was a violation of the applicable regulation relating to notice of classification, 32 C.F.R. § 1625.12 (1971), it did not prejudice Malone, *see, e. g.,* United States v. Pace, 454 F.2d 351, 356 (9th Cir. 1972), since the time for appeal ran from the date notice was mailed. 32 C.F.R. § 1626.2(c)(1) (1971).

5. 32 C.F.R. § 1625.3 (1972) provided in pertinent part:
   The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service or the Director of Selective Service and upon receipt of such request shall immediately cancel any order to report for induction which may have been issued to the registrant.

thereby creating the possibility that he would be reclassified a conscientious objector. Since the board's denial of his C–O claim was what triggered his disobedience, he concludes it would be unjust to affirm his conviction here.

 We cannot extend *Lloyd* so far. In that case the court held that a state director could not refuse to consider altogether a registrant's request for a reopening though the registrant had already been indicted for refusing induction; it was incumbent upon the official to consider the request, rejecting or accepting it on the merits. Even assuming *dubitante* [6] that an appellate court has the power to excuse a criminal act because of post-*conviction* developments, the extraordinary reason for the exercise of such a power could only be to avoid unjust convictions resulting because the registrant's original claim for exemption from the draft could well be favorably redetermined after his conviction. Since, to Malone's local board, the purpose of the mandated reopening was not to consider the original C–O claim, a reexamination of that claim was extremely unlikely, as the board's deliberations subsequent to receiving the state director's letter demonstrated. Moreover, in countless other cases draft boards have been required to reopen registrants' classifications to consider the impact of draft-related offenses; an extension of *Lloyd* might needlessly, just as in Malone's case, upset those convictions. Thus, even assuming our power to extend *Lloyd*, it would surely not be appropriate to do so here.

Affirmed.

RUSSELL E. SMITH, District Judge (concurring):

I concur in the result.

I do not agree that the local board treated defendant badly.

I think that the intent of the state director in issuing the reclassification order is not relevant. Once there has been a conviction for failure to obey a valid administrative order I think an administrative officer is without power for whatever reason to affect the conviction by altering or vacating the order. The statute, not the order, created the offense, and once a valid order was disobeyed then the state was violated and the offense was complete. *See* United States v. Hark, 320 U.S. 531, 536, 64 S. Ct. 359, 88 L.Ed. 290 (1944).

6. *Cf.*, *e. g.*, United States v. Hunter, 482 F. 2d 623, 627–629 (3d Cir. 1973); United States v. Hudson, 469 F.2d 661, 663 (9th Cir. 1972); United States v. Noonan, 434 F.2d 582 (3d Cir. 1970), cert. denied, 401 U.S. 981, 91 S.Ct. 1190, 28 L.Ed.2d 333 (1971).